IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
MISSOURI

| | |
|---|---|
| KEDISHA TENN HUE-THORPE, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | |
| ) | |
| BICKFORD SENIOR LIVING GROUP D/B/A ) | |
| BICKFORD OF RAYTOWN ) | **JURY TRIAL DEMANDED** |
| Serve Registered Agent: ) | |
| Incorp. Services, Inc. ) | |
| 2847 S. Ingram Mill Rd., Ste. A 100 ) | |
| Springfield, MO. 65804 ) | |
| ) | |
| Defendant. ) | |

## PETITION FOR DAMAGES

COMES NOW Kedisha Thorpe ("Plaintiff"), by and through her attorneys of record, and for her petition against the above-named defendant, alleges and states as follows:

## INTRODUCTION

1. Plaintiff, while an employee of Defendant Bickford Senior Living Group d/b/a Bickford Senior Living Center (hereafter "Bickford") was subjected to unlawful discrimination based on her race and national origin in violation of 42 U.S.C. § 1981.

2. Plaintiff, while an employee of Defendant Bickford, was subjected to unlawful retaliation in violation of 42 U.S.C. § 1981.

3. Plaintiff seeks compensatory and punitive damages against Defendant.

## PARTIES

4. Plaintiff was at times relevant to the allegations in this petition, a female resident and citizen of the State of Missouri.

5. Defendant is a Kansas Corporation with its principal place of business in the state of Kansas.

6. At all times relevant to the allegations in this petition all employees of Defendant Bickford referenced in this Petition acted directly in the interests of Defendant Bickford.

## JURISDICTION AND VENUE

7. Defendant's alleged acts of discrimination and wrongdoing complained of herein occurred in Jackson County, Missouri, and accordingly, jurisdiction and venue are proper in this Court.

8. Plaintiff alleges Defendant violated 42 U.S.C. §1981 by discriminating against her on the basis of his race and by retaliating against him for engaging in protected activity.

9. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1331.

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

11. At all times relevant to the allegations in this petition, Plaintiff was an employee of Defendant Bickford.

12. During her employment, Plaintiff was subjected to unwelcome and offensive conduct by co-workers and supervisors.

13. Plaintiff began her employment on or around March 18, 2015, as a Certified Nurses Assistant/Certified Medication Aid.

14. Plaintiff was employed at Bickford's facility, located at: 9110 E 63rd St., Raytown, Missouri.

15. Plaintiff was originally born in Jamaica and speaks Jamaican along with her three

2

sisters who also worked for Defendant Bickford.

16. Plaintiff speaks Jamaican as well as English.

17. On or around the Summer 2021, a resident, Dorothy Curl, at Bickford continually harassed Plaintiff by making derogatory statements such as: telling Plaintiff to "go back to where she came from," "you won't become anything in life," and "don't know how to speak English."

18. She also told Plaintiff she "doesn't want anything from no Jamaican anyways."

19. Plaintiff was told by management not to speak her native language in the facility when the residents could hear her.

20. Previously, Plaintiff complained to management about her treatment from other employees; e.g., Deanna Hafer and Yamelia Hayes.

21. In particular, Ms. Hayes made comments insinuating that Plaintiff stole narcotics and that she knew where Plaintiff lived.

22. Plaintiff complained to Director Michael Shoemaker.

23. Upon information and belief, Mr. Shoemaker did not take any remedial action.

24. Plaintiff had no previous disciplinary actions related to her treatment of residents.

25. Plaintiff had no prior attendance issues during her tenure at Bickford.

26. Plaintiff had no prior complaints of neglect or abuse while at Bickford.

27. During the summer of 2021, Plaintiff's sister, Tina Tenn-Hue complained to Shane Hardiman, Anna Cizerle, Administrative Director at Bickford and Ginger Ferguson, the Director of Nursing about the discrimination she her sisters were experiencing.

28. Notably, on or around November 2, 2021, Plaintiff's three (3) sisters, all Jamaican women with years of experience at Bickford, respectively, were suspended pending an investigation.

29. After several weeks passed, Plaintiff called Bickford's Division Manager, Samantha Swan, requesting an update on the investigation.

30. On or about December 3, 2021, Ms. Swan informed Plaintiff that Plaintiff and her three (3) sisters were terminated.

31. Specifically, Ms. Swan indicated Plaintiff was terminated for abuse and neglect of a resident.

32. Notably, Bickford had an obligation under Missouri law to report elder abuse allegations to the State, if they had occurred.

33. Bickford never reported any abuse allegations against Plaintiff to the State.

34. Plaintiff had no previous disciplinary actions related to her treatment of residents.

35. Plaintiff had no prior attendance issues during her tenure at Bickford.

36. Plaintiff had no prior complaints of neglect or abuse while at Bickford.

37. At all relevant times to the allegations in this Petition, Defendant's employees were agents, servants and/or employees of Defendant; and/or were at all such times directly acting in the interests of Defendant; and/or were acting within the scope and course of their agency and employment; and/or acted as proxies/alter egos of Defendant. Therefore, Defendant is liable for their actions under all theories pled therein.

38. The conduct as set forth herein constitutes a continuing violation of the Missouri Human Rights Act.

## COUNT I
## Violations of 42 U.S.C. §1981

39. Plaintiff hereby incorporates by reference the allegation in the preceding paragraphs as if fully set forth herein.

40. During the course of Plaintiff's employment, Defendant's representatives, acting within

4

the scope and course of employment, engaged in a pattern and practice of intentional discrimination against Plaintiff.

41. Defendants' harassment had the purpose and effect of unreasonably interfering with Plaintiff's work performance thereby creating an intimidating, hostile and offensive working environment.

42. The conduct as described herein would have offended a reasonable person of the same race and national origin in Plaintiff's position.

43. Management level employees knew, or should have known, of the racial harassment and racial discrimination described herein, but failed to take appropriate remedial action.

44. By failing to conduct a prompt, thorough and honest investigation of Plaintiff's allegations and of other witnesses, Defendants exacerbated the racially hostile environment and racial discrimination in Plaintiff's workplace.

45. Because of its actions, Defendants deliberately rendered Plaintiff's working conditions intolerable.

46. As a result of Defendants rendering the working conditions intolerable, Plaintiff was forced to seek medical treatment and request accommodations.

47. Defendant, through its agents and employees, engaged in these discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights.

48. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff suffers and will continue to suffer damages, including, emotional distress, and inconvenience.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count 1 of the Complaint and for a finding that she has been subjected to unlawful discrimination; for an award of compensatory and punitive damages; for her costs expended; for her reasonable attorneys' and

5

expert's fees; for special damages including but not limited to loss of pension, 401k, health and life insurance amounts; and for such other and further relief the Court deems just and proper.

## COUNT II
## Violations of 42 U.S.C. §1981—Retaliation

49. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if set forth herein.

50. Plaintiff's complaints concerning the racial / national origin discrimination and racial / national origin harassment she was subjected to constituted protected activity.

51. By reason of Plaintiff's complaints, Defendant retaliated against Plaintiff.

52. Defendant's retaliation against Plaintiff was committed with malice or reckless disregard of her federally protected rights. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant and to deter it and other companies from engaging in similar conduct.

53. Defendant's retaliatory actions against Plaintiff caused her to suffer emotional distress, inconvenience, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count II of her Complaint, for a finding that she has been subjected to unlawful discrimination provided by 42 U.S.C. 1981; for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest; for an award of front pay in a reasonable amount; for an award of compensatory and punitive damages; equitable relief; for her costs expended; for her reasonable attorneys' and expert's fees; for special damages including but not limited to loss of pension, 401k, health and life insurance amounts; and for such other and further relief the Court deems just and proper.

**DESIGNATION OF PLACE OF TRIAL**

Plaintiff designates the United States District Court for the Western District of Missouri, located in Kansas City, Missouri as the place of trial.

**RESPECTFULLY SUBMITTED,**

**HOLMAN SCHIAVONE, LLC**

By: /s/ M. Shaun Stallworth
M. Shaun Stallworth, Mo#60764
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
TEL: (816) 283-8738
FAX: (816) 283-8739
sstallworth@hslawllc.com


By: /s/ Greg N. Tourigny
Greg N. Tourigny MO Bar #71210
The Tourigny Law Firm LLC.
4600 Madison Avenue, Suite 810
Kansas City, MO. 64112
816.945.2861
greg@tourignylaw.com


**ATTORNEYS FOR PLAINTIFF**