IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| KEDISHA TENN HUE-THORPE, VANESSA TENN-HUE, SHANICE TENN-HUE <br><br> Plaintiff, <br><br> v. <br><br> BICKFORD SENIOR LIVING GROUP D/B/A BICKFORD OF RAYTOWN <br> Serve Registered Agent: <br> Incorp. Services, Inc. <br> 2847 S. Ingram Mill Rd., Ste. A 100 <br> Springfield, MO. 65804 <br><br> Defendant. | Case No. 4:24-cv-00058-WBG <br><br><br> **JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT FOR DAMAGES

COMES NOW Kedisha Tenn Hue-Thorpe, Vanessa Tenn-Hue and Shanice Tenn-Hue ("Plaintiffs"), by and through their attorneys of record, and for their Complaint against the above-named defendant, alleges and states as follows:

## INTRODUCTION

1. Plaintiffs, while employees of Defendant Bickford Senior Living Group d/b/a Bickford Senior Living Center (hereafter "Bickford") were subjected to unlawful discrimination based on their race and national origin in violation of 42 U.S.C. § 1981.

2. Plaintiffs, while employees of Defendant Bickford, was subjected to unlawful retaliation in violation of 42 U.S.C. § 1981.

3. Plaintiffs seek compensatory and punitive damages against Defendant.

## PARTIES

4. Plaintiff Kedisha Tenn Hue-Thorpe ("K.T.H.") was at times relevant to the allegations

in this petition, a female resident and citizen of the State of Missouri.

5. Plaintiff Vanessa Tenn-Hue ("V.T.H.") was at times relevant to the allegations in this petition, a female resident and citizen of the State of Missouri.

6. Plaintiff Shanice Tenn-Hue ("S.T.H.") was at times relevant to the allegations in this petition, a female resident and citizen of the State of Missouri.

7. Defendant is a Kansas Corporation with its principal place of business in the state of Kansas.

8. At all times relevant to the allegations in this petition all employees of Defendant Bickford referenced in this Petition acted directly in the interests of Defendant Bickford.

## JURISDICTION AND VENUE

9. Defendant's alleged acts of discrimination and wrongdoing complained of herein occurred in Jackson County, Missouri, and accordingly, jurisdiction and venue are proper in this Court.

10. Plaintiffs allege Defendant violated 42 U.S.C. §1981 by discriminating against them on the basis of their race and by retaliating against them for engaging in protected activity.

11. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1331.

12. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## FACTUAL ALLEGATIONS COMMON TO ALL PLAINTIFFS

13. At all times relevant to the allegations in this petition, Plaintiffs were employees of Defendant Bickford.

14. During their employment, Plaintiffs were subjected to unwelcome and offensive conduct by co-workers and supervisors.

2

15. Plaintiffs were employed at Bickford's facility, located at: 9110 E 63rd St., Raytown, Missouri.

16. Plaintiffs were originally born in Jamaica and speak Jamaican and are of African descent.

17. Notably, all Plaintiffs worked for Defendant Bickford, along with their sister Tina Tenn Hue.

18. Plaintiffs speak Jamaican as well as English.

19. On or around the Summer 2021, a resident, Dorothy Curl, at Bickford continually harassed Plaintiffs by making derogatory statements such as: telling Plaintiffs, individually, to "go back to where she came from," "you won't become anything in life," and "don't know how to speak English."

20. She also told Plaintiffs she "doesn't want anything from no Jamaican anyways."

21. Plaintiffs were told by management not to speak their native language in the facility when the residents could hear her.

22. During the summer of 2021, Plaintiffs' sister, Tina Tenn-Hue complained to Shane Hardiman, Anna Cizerle, Administrative Director at Bickford, and Ginger Ferguson, the Director of Nursing about the discrimination she and her sisters were experiencing.

23. Notably, on or around November 2, 2021, Plaintiffs, all Jamaican sisters with years of experience at Bickford, respectively, were suspended pending an investigation.

24. On or around December 3, 2023, Plaintiffs were terminated for purportedly abuse and neglect of a resident.

25. Notably, Bickford had an obligation under Missouri law to report elder abuse allegations to the State, if they had occurred.

3

26. Bickford never reported any abuse allegations against any of the Plaintiffs to the State.

27. At all relevant times to the allegations in this Complaint, Defendant's employees were agents, servants and/or employees of Defendant; and/or were at all such times directly acting in the interests of Defendant; and/or were acting within the scope and course of their agency and employment; and/or acted as proxies/alter egos of Defendant. Therefore, Defendant is liable for their actions under all theories pled therein.

28. The conduct as set forth herein constitutes a continuing violation of the Missouri Human Rights Act.

## ALLEGATIONS SPECIFIC TO K.T.H.

29. Plaintiff K.T.H. began her employment on or around March 18, 2015, as a Certified Nurses Assistant/Certified Medication Aid.

30. Previously, Plaintiff K.T.H. complained to management about her treatment from other employees; e.g., Deanna Hafer and Yamelia Hayes.

31. In particular, Ms. Hayes made comments insinuating that Plaintiff K.T.H. stole narcotics and that she knew where Plaintiff lived.

32. Plaintiff K.T.H. complained to Director Michael Shoemaker.

33. Upon information and belief, Mr. Shoemaker did not take any remedial action.

34. Plaintiff K.T.H. had no previous disciplinary actions related to her treatment of residents.

35. Plaintiff K.T.H. had no prior attendance issues during her tenure at Bickford.

36. Plaintiff K.T.H. had no prior complaints of neglect or abuse while at Bickford.

37. Following her termination, Plaintiff called Bickford's Division Manager, Samantha Swan, requesting an update on the investigation.

38. On or about December 3, 2021, Ms. Swan informed Plaintiff K.T.H. that Plaintiff and her three (3) sisters were terminated.

39. Specifically, Ms. Swan indicated Plaintiffs were terminated for abuse and neglect of a resident.

40. Plaintiff K.T.H. had no previous disciplinary actions related to her treatment of residents.

41. Plaintiff K.T.H. had no prior attendance issues during her tenure at Bickford.

42. Plaintiff K.T.H. had no prior complaints of neglect or abuse while at Bickford.

## ALLEGATIONS SPECIFIC TO V.T.H.

43. Plaintiff V.T.H. began her employment on or around September 3, 2018, as a Certified Nurses Assistant.

44. Plaintiff V.T.H. believed that Samantha Swan, Bickford's Division Manager, treated Plaintiff and her sisters differently that her similarly situated co-workers.

45. For instance, Plaintiff V.T.H. and her sisters were allowed two 15-minute breaks on the clock, pursuant to the company policy.

46. However, upon seeing Plaintiff V.T.H. and her sisters taking a break, Ms. Swan stated that the sisters were not allowed *any* breaks.

47. Plaintiff V.T.H. complained to Ms. Swan regarding the disparate treatment and confronted her with the policy in hand.

48. Ms. Swan stated: "well they are no longer allowed."

49. Pursuant to the policy, employees were also allowed one (1) meal per shift.

50. However, Ms. Swan stated that Plaintiffs could not eat until the residents determined if they wanted more food or not.

5

51. At times, Plaintiffs were unable to eat during their shifts.

52. Further, Ms. Swan wrote up Plaintiff V.T.H., and her sisters, for clocking in too early or clocking out too late and not taking a lunch break.

53. Importantly, there were other similarly situated employees, on the same shift, who engaged in the same practice but never written up.

54. Plaintiff V.T.H. complained to Human Resources regarding her schedule, lack of full-time hours/per week and treatment by the Director.

55. Human Resources failed to take any remedial action.

56. Plaintiff V.T.H. had no previous disciplinary actions related to her treatment of residents.

57. Plaintiff V.T.H. had no prior attendance issues during her tenure at Bickford.

58. Plaintiff V.T.H. had no prior complaints of neglect or abuse while at Bickford.

59. On or about December 3, 2021, Plaintiff K.T.H. notified Plaintiff that Ms. Swan had terminated Plaintiff and her three (3) sisters.

60. Plaintiff V.T.H. was never given a reason for the termination.

61. Plaintiff V.T.H. disputed the termination, via writing.

### ALLEGATIONS SPECIFIC TO S.T.H.

62. Plaintiff S.T.H. began her employment on or around March 15, 2018, as a Certified Nurses Assistant/Certified Medication Aid.

63. Plaintiff S.T.H. had no previous disciplinary actions related to her treatment of residents.

64. Plaintiff S.T.H. had no prior attendance issues during her tenure at Bickford.

65. Plaintiff S.T.H. had no prior complaints of neglect or abuse while at Bickford.

66. On or around November 2, 2021, Bickford's Division Manager, Samantha Swan, called Plaintiff into her office indicating that she would be suspended pending an investigation related to allegations of abuse and neglect.

67. Plaintiff disputed the suspension in writing on or around November 16, 2021.

68. On or about December 3, 2021, Ms. Swan informed Plaintiff S.T.H. that Plaintiff and her three (3) sisters were terminated.

## COUNT I
## Violations of 42 U.S.C. §1981

69. Plaintiffs hereby incorporate by reference the allegations in the preceding paragraphs as if fully set forth herein.

70. During the course of Plaintiffs' employment, Defendant's representatives, acting within the scope and course of employment, engaged in a pattern and practice of intentional discrimination against Plaintiffs.

71. During the court of Plaintiffs' employment, Defendant's representatives, acting within the scope and course of employment, engaged in pattern and practice of intentional discrimination against Plaintiffs due to the Plaintiffs' association with their sister, Tina Tenn Hue, a Jamaican woman of African descent.

72. Defendant's harassment had the purpose and effect of unreasonably interfering with Plaintiffs' work performance thereby creating an intimidating, hostile and offensive working environment.

73. The conduct as described herein would have offended a reasonable person of the same race and national origin in Plaintiffs' position.

74. Management level employees knew, or should have known, of the racial harassment and racial discrimination described herein, but failed to take appropriate remedial action.

75. By failing to conduct a prompt, thorough and honest investigation of Plaintiffs' allegations and of other witnesses, Defendant exacerbated the racially hostile environment and racial discrimination in Plaintiffs' workplace.

76. Because of its actions, Defendant deliberately rendered Plaintiffs working conditions intolerable.

77. As a result of Defendant's rendering the working conditions intolerable, Plaintiff was forced to seek medical treatment and request accommodations.

78. Defendant, through its agents and employees, engaged in these discriminatory practices with malice or reckless indifference to Plaintiffs' federally protected rights.

79. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiffs suffer and will continue to suffer damages, including, emotional distress, and inconvenience.

WHEREFORE, Plaintiffs pray for judgment against Defendant on Count 1 of the Complaint and for a finding that they have been subjected to unlawful discrimination; for an award of compensatory and punitive damages; for their costs expended; for their reasonable attorneys' and expert's fees; for special damages including but not limited to loss of pension, 401k, health and life insurance amounts; and for such other and further relief the Court deems just and proper.

## COUNT II
## Violations of 42 U.S.C. §1981—Retaliation

80. Plaintiffs incorporate by reference the allegations in the preceding paragraphs as if set forth herein.

81. Plaintiffs' complaints concerning the racial / national origin discrimination and racial / national origin harassment they were subjected to constituted protected activity.

82. By reason of Plaintiffs' complaints, Defendant retaliated against Plaintiffs.

83. Further, the complaints of discrimination by Plaintiffs' sister, Tina Tenn Hue, are

causally related to Defendants decision to terminate Plaintiffs.

84. Defendant's retaliation against Plaintiffs were committed with malice or reckless disregard of her federally protected rights. Plaintiffs are therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant and to deter it and other companies from engaging in similar conduct.

85. Defendant's retaliatory actions against Plaintiffs caused her to suffer emotional distress, inconvenience, and loss of enjoyment of life.

WHEREFORE, Plaintiffs pray for judgment against Defendant on Count II of their Complaint, for a finding that Plaintiffs have been subjected to unlawful discrimination provided by 42 U.S.C. 1981; for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest; for an award of front pay in a reasonable amount; for an award of compensatory and punitive damages; equitable relief; for her costs expended; for her reasonable attorneys' and expert's fees; for special damages including but not limited to loss of pension, 401k, health and life insurance amounts; and for such other and further relief the Court deems just and proper.

## DESIGNATION OF PLACE OF TRIAL

Plaintiffs designates the United States District Court for the Western District of Missouri, located in Kansas City, Missouri as the place of trial.

RESPECTFULLY SUBMITTED,

HOLMAN SCHIAVONE, LLC

By: /s/ M. Shaun Stallworth

M. Shaun Stallworth, Mo#60764
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
TEL: (816) 283-8738
FAX: (816) 283-8739
sstallworth@hslawllc.com

By: */s/ Greg N. Tourigny*
Greg N. Tourigny MO Bar #71210
The Tourigny Law Firm LLC.
4600 Madison Avenue, Suite 810
Kansas City, MO. 64112
816.945.2861
greg@tourignylaw.com

**ATTORNEYS FOR PLAINTIFFS**